# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN LAMONT YOUNG,

    Petitioner,

v.                                        Case No. 21-CV-689

CHERYL EPLETT,

    Respondent.

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION AT RULE 4 SCREENING

John Lamont Young is currently incarcerated at the Oshkosh Correctional Institution pursuant to a 2017 state conviction for possession of multiple controlled substances with intent to deliver. On June 3, he filed this federal habeas petition alleging that he is in custody in violation of the Constitution and laws of the United States. The matter was randomly assigned to this court. Young fully paid the filing fee.

According to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, district courts must promptly review habeas petitions filed pursuant to § 2254. Under Rule 4,

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During this initial review, I generally analyze three issues: whether the petitioner has set forth cognizable constitutional or federal law claims, whether the petitioner has exhausted available state remedies, and whether the petition is timely. As for timeliness, the petition is likely timely: the Wisconsin Supreme Court denied his petition for certiorari on February 24, 2021, and Young filed this action on June 3, 2021, see ECF No. 1 at 3. Moreover, Young appears to have exhausted the claims he's raised in the petition. I conclude, however, that none of his claims have merit, and so I recommend that the district judge enter an order dismissing the petition.

At the trial court level, Young challenged his warrantless arrest on the ground that it was not supported by probable cause. Following a suppression hearing, the court denied his motion. Young then pled guilty to several state law crimes and the court sentenced Young to ten years of imprisonment and ten years of extended supervision. On appeal, Young renewed his argument that he was arrested without probable cause. The Wisconsin Court of Appeals rejected his arguments and affirmed the trial court's judgment of conviction and sentence. The Wisconsin Supreme Court denied his petition for review. ECF No. 1 at 3.

In this petition, Young raises three grounds. The first two grounds challenge his warrantless arrest due to a supposed absence of probable cause. In ground three, Young argues that the court of appeals erroneously believed it could rely upon allegations made in the criminal complaint that were not introduced into evidence at his suppression hearing. *See* ECF No. 1 at 6-20.

**1. Ground One**

Young's first claim asserts that police lacked probable cause to arrest him, which means all the evidence they obtained subsequent to that arrest should have been suppressed.

Officers arrested Young after witnessing his white SUV—described as a rare, high-end vehicle—pull up to a residence that was being surveilled in connection with a controlled buy. ECF No. 1-1 at 7. After the SUV parked at the residence, an individual wearing a red hat emerged from the residence, entered the SUV, and then left after a "short time." *Id.* To the observing officer, this appeared to be a drug transaction. After conducting a license plate check, police learned the vehicle was registered to Young, who they knew was a target of a different heroin investigation. This reinforced their view that the driver of the SUV, presumably Young, had just engaged in a drug transaction. *Id.* at 9. After losing track of the SUV for a short period of time, officers spotted the vehicle, conducted a stop, and arrested Young. The court of appeals found that these facts sufficed to create probable cause supporting Young's arrest.

In *Stone v. Powell,* 428 U.S. 465 (1976), the Supreme Court established a rule that criminal defendants may not seek collateral review of Fourth Amendment exclusionary rule claims under § 2254 if they received "an opportunity for full and fair litigation of" their Fourth Amendment claims in state court. *Id.* at 494. The Court observed that "justification [for the exclusionary rule] becomes minimal where . . . a prisoner . . . previously has been afforded the opportunity for full and fair consideration of his search-and-seizure claim at trial and on direct review." *Id.* at 486. Here, it is clear that Young received the opportunity to litigate his Fourth Amendment claim in state court—in fact, it comprised the entirety of his suppression motion and appeal. Accordingly, the claim may not be considered in a federal habeas petition. *Watson v. Hulick*, 481 F.3d 537, 541–42 (7th Cir. 2007) ("Watson challenged the admissibility of his confessions in the trial court and renewed the claim before the appellate court . . . . Watson argues that the appellate court's 'failure' to consider one of the Brown factors denied

3

him a full and fair opportunity to litigate the Fourth Amendment claim, but we have held that a 'full and fair opportunity' guarantees only 'the right to present one's case.'") (quoting *Cabrera v. Hinsley,* 324 F.3d 527, 531–32 (7th Cir. 2003)).

### 2. Ground Two

Young's second claim is a twist on his first: he asserts that the mere fact that he was the registered owner of the vehicle was an insufficient basis for officers to conclude that he was actually driving the SUV. After describing Young's argument as "cursory," the court of appeals rejected his argument, finding it "commonsense" for police to infer that a vehicle's registered owner was its driver. ECF No. 1-1 at 13, *quoting Kansas v. Glover,* 140 S.Ct. 1183, 1188 (2020). Regardless, as with the first claim, Young's argument is barred by *Stone* because it is a Fourth Amendment challenge that the petitioner had the full opportunity to litigate in state court.

### 3. Ground Three

Finally, Young takes issue with the court of appeals' determination that it had the ability to consider facts alleged in the criminal complaint but not introduced into evidence at his suppression hearing. He asks this court to consider the propriety of this issue in the event the respondent "invites this Court to rely on unproven allegations." ECF No. 1 at 20.

This claim arises out of a lengthy footnote in which the court of appeals noted that the State's appellate brief had cited facts alleged in the criminal complaint but not introduced as evidence at the hearing. ECF No. 1-1 at 7 n.2. After Young objected in his reply brief, the court essentially agreed with him, finding that the facts testified to at the hearing sufficed in and of themselves to justify the arrest. As such, the court did not see a need to consider any additional facts: "[w]e therefore limit the facts regarding law enforcement's observations

4

during the controlled drug buy to those introduced at the suppression hearing." *Id.* However, it went on to observe, in *dicta*, that there was probably nothing inappropriate about the State's citation to facts alleged in the criminal complaint.

Young's claim does not set forth any violation of the laws or Constitution of the United States. First, it is clear from the court's footnote that it did not rely on any facts that were not put into evidence during the suppression hearing. Young's objection, therefore, is based on *dicta* that played no role in the outcome of his appeal. Second, even if it had relied on the facts Young cites, the court noted that Young's motion to suppress appeared to concede the accuracy of the facts at issue. *Id.* Thus, nowhere has Young identified any concrete injury stemming from the facts cited in the State's appellate brief, much less any injury implicating federal law or the Constitution.

In sum, because none of the claims Young asserts in the petition would warrant relief under § 2254, I recommend that the district judge order dismissal of this action.

**Conclusion**

The clerk is directed to randomly assign this action to a district judge for purposes of considering this report and recommendation.

I hereby recommend that the petition be denied and the case dismissed because the two Fourth Amendment challenges are not cognizable in a § 2254 petition and because the petitioner's third claim does not present any basis for relief.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be

filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this 9th day of July 2021.

BY THE COURT:

_____
STEPHEN C. DRIES
United States Magistrate Judge
